**STATE of Minnesota, Appellant,**

v.

**Matthew A. BATTLESON, Respondent.**

No. CX–97–337.

Court of Appeals of Minnesota.

July 22, 1997.

Hubert H. Humphrey, III, Attorney General, St. Paul, for Appellant.

Matthew B. Johnson, Assistant Faribault City Attorney, Faribault, for Appellant.

Stephen R. Ecker, Faribault, for Respondent.

Considered and decided by HUSPENI, P.J., and WILLIS and HOLTAN, JJ.*

## OPINION

WILLIS, Judge.

Appellant State of Minnesota challenges the district court's suppression of all evidence obtained as a result of an investigatory stop of respondent Matthew A. Battleson's vehicle. The state alleges that the officer had an articulable, reasonable suspicion that Battleson violated the law, and the stop was, therefore, justified.

## FACTS

After sunset on November 2, 1996, Officer Scott Mehr spotted a pickup truck parked near the end of a dead-end street in Faribault. There were no homes or driveways in the area, but the truck was near the entrance to an N.S.P. electrical substation. As Officer Mehr drove toward the truck, it began moving, driving half on the shoulder and half on the roadway. Officer Mehr testified that the truck moved approximately 10 feet before the truck's driver, Battleson, turned on his headlights. The truck traveled approximately 300 to 400 feet partly on the shoulder and partly on the roadway before Officer Mehr pulled it over. Officer Mehr immediately noticed a strong odor of an alcoholic beverage and other indicia of intoxication when he spoke with Battleson. He asked Battleson to perform various field sobriety tests and then placed Battleson under arrest. Battleson was charged with gross misdemeanor alcohol-related driving offenses.

Battleson moved to suppress all evidence obtained as a result of the investigatory stop.

At the omnibus hearing, Officer Mehr testified as the court viewed a videotape, made from the officer's squad car, of the arrest. The court concluded

> I'm satisfied [Officer Mehr] didn't stop [Battleson] for a traffic offense and just stopped him to investigate what he was doing there, and that's not permitted.

The court granted Battleson's motion to suppress and dismissed the case, finding that Officer Mehr did not have "an articulable basis for a stop." This appeal followed.

## ISSUE

Did the district court err in finding that Officer Mehr did not have a reasonable, articulable basis for suspecting that Battleson violated the law sufficient to justify an investigatory stop of Battleson's truck?

## ANALYSIS

[W]hen reviewing a pre-trial order suppressing evidence where the facts are not in dispute and the trial court's decision is a question of law, the reviewing court may independently review the facts and determine, as a matter of law, whether the evidence need be suppressed.

*State v. Othoudt*, 482 N.W.2d 218, 221 (Minn. 1992). In an appeal from a pretrial order, this court will not reverse the district court's determination unless the state clearly and unequivocally shows that (1) the district court erred and (2) absent reversal, the error will have a "critical impact on the outcome of the trial." *State v. Kim*, 398 N.W.2d 544, 547 (Minn.1987).

Critical impact has been shown in cases where the suppression of the evidence "destroys" or "significantly reduces the likelihood of a successful prosecution." *Id.* at 551. Here, the suppression resulted in a dismissal and, therefore, had a critical impact on the state's case.

The remaining issue is whether the district court clearly erred in finding that Officer Mehr did not have a reasonable, articulable basis for suspecting that Battleson violated the law. A police officer may make an investigatory stop of a motor vehicle if the officer has "'specific and articulable facts' establishing 'reasonable suspicion' of a motor vehicle violation or criminal activity." *State*

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap-    pointment pursuant to Minn. Const. art. VI, § 10.

*v. Duesterhoeft*, 311 N.W.2d 866, 867 (Minn. 1981) (citation omitted). The suspicion must be based upon more than a mere hunch. *State v. Johnson*, 444 N.W.2d 824, 825–26 (Minn.1989). An officer must have a particularized and objective basis for suspecting the person stopped of criminal activity to justify an investigatory stop. *State v. George*, 557 N.W.2d 575, 578 (Minn.1997). "[I]f an officer observes a violation of a traffic law, however insignificant, the officer has an objective basis for stopping the vehicle." *Id.*

■ The state argues that Officer Mehr saw a violation of the law and was, therefore, justified in stopping Battleson. We find the state's argument persuasive. Minn.Stat. § 169.48, subd. 1 (1996), provides that every vehicle on a Minnesota highway "shall display lighted lamps and illuminating devices" from sunset to sunrise. Battleson drove his truck after sunset, albeit for a short distance, without displaying his lights, in violation of Minn.Stat. § 169.48. Battleson also drove a significant distance partly on the roadway and partly on the shoulder. The supreme court has found that evidence of such driving behavior supports a conviction of careless driving, in violation of Minn.Stat. § 169.13 (1996). *See State v. Dille*, 258 N.W.2d 565, 570 (Minn.1977) (concluding that evidence of speeding and driving onto shoulder of road supported jury verdict of careless driving). We conclude that when Officer Mehr saw Battleson driving without his headlights on and partly off the roadway, he had an objectively reasonable, articulable suspicion that Battleson violated the law and was justified in making an investigatory stop.

The district court found that the stop was unlawful because it was pretextual. But the United States Supreme Court has determined that the actual or ulterior motives of an officer do not invalidate police action that is justifiable on the basis that a violation of law has occurred. *Whren v. United States*, — U.S. —, — – —, 116 S.Ct. 1769, 1773–74, 135 L.Ed.2d 89 (1996); *see also State v. Everett*, 472 N.W.2d 864, 867 (Minn. 1991) (concluding that if there is objective basis for arrest or search, the arrest or search is lawful even if officer's action was based on wrong ground or involved improper motive). Regardless of what Officer Mehr's motives might have been, he had a reason-

able, articulable legal basis for suspecting that Battleson violated the law and, thus, the stop was valid. *Cf. George*, 557 N.W.2d at 578–79 (holding stop was not reasonable where police officer suspected that headlight configuration was illegal, yet had no objective legal basis for suspicion). The district court clearly erred in suppressing the evidence obtained as a result of the investigatory stop.

### DECISION

The district court clearly erred in suppressing the evidence obtained from the investigatory stop of Battleson's vehicle, and suppression of the evidence had a critical impact on the state's case.

**Reversed.**