*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1907**

State of Minnesota,
Respondent,

vs.

Paul Harvey McGee,
Appellant.

**Filed November 28, 2016
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-14-6346

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Paula Kruchowski Barrette, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Robert Paule, Robert M. Paule, P.A., Minneapolis, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Bjorkman, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges his driving-while-impaired (DWI) conviction, arguing that the evidence of his alcohol concentration should have been suppressed because the stop of his vehicle was not justified by reasonable suspicion of a traffic violation. We affirm.

**FACTS**

On March 7, 2014, at approximately 10:45 p.m., Minnesota State Trooper Nicholas Otterson observed a dark-colored SUV heading southbound on Washington Avenue in Minneapolis. Trooper Otterson observed the vehicle drive in the center of the two southbound lanes, weave back and forth, and change lanes without signaling. He initiated a traffic stop. After identifying appellant Paul Harvey McGee as the driver, Trooper Otterson observed several indicia of intoxication. McGee also failed field sobriety tests and a preliminary breath test. Trooper Otterson arrested McGee, transported him to the Hennepin County Jail, and read him the implied-consent advisory. McGee consented to a breath test, which revealed an alcohol concentration of 0.13.

Respondent State of Minnesota charged McGee with two DWI offenses. McGee moved to suppress the evidence obtained as a result of the traffic stop, arguing that Trooper Otterson did not have a reasonable, articulable suspicion to stop his vehicle. Following an evidentiary hearing, the district court denied the motion. McGee waived his right to a jury trial and stipulated to the prosecution's case pursuant to Minn. R. Crim. P. 26.01, subd. 4, to preserve appellate review of the pretrial ruling. The district court found McGee guilty of misdemeanor DWI, stayed execution of a 30-day jail sentence, and dismissed the remaining DWI count. McGee appeals.

**D E C I S I O N**

When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings for clear error and its legal determinations de novo. *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008). We review questions of

reasonable suspicion de novo, considering the totality of the circumstances in determining whether a stop is justified. *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000).

An investigatory stop of a vehicle is valid if an officer has "specific and articulable facts establishing reasonable suspicion of a motor vehicle violation or criminal activity." *State v. Duesterhoeft,* 311 N.W.2d 866, 867 (Minn. 1981) (quotation omitted). Suspicion must be based on more than a "mere hunch." *State v. Battleson*, 567 N.W.2d 69, 71 (Minn. App. 1997). "[I]f an officer observes a violation of a traffic law, however insignificant, the officer has an objective basis for stopping the vehicle." *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997).

McGee argues that the stop of his vehicle was not warranted because Trooper Otterson did not have reasonable, articulable suspicion that he had violated a traffic law. He asserts that the squad-car video clearly shows that he did not commit a traffic violation. In the alternative, he argues that even if he drove in the middle of the two southbound lanes, it was necessary because of the buildup of snow and parked cars along the right-hand lane. We are not persuaded.

First we observe, as did the district court, that the squad-car video is very dark; the lighting makes it difficult to tell which lane McGee was traveling in. In short, the video does not, in and of itself, conclusively establish whether McGee committed any traffic violations. But that is not the only evidence before the district court. Trooper Otterson testified that he observed multiple traffic violations, and the district court determined that any one of the violations observed would justify a traffic stop. We defer to the district court's credibility determinations. *State v. Klamar*, 823 N.W.2d 687, 691 (Minn. App.

3

2012). And an officer's testimony that he actually observed traffic violations creates reasonable, articulable suspicion to justify a traffic stop. *See State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983) (noting that when a district court credits an officer's testimony that he observed a traffic violation or weaving, then the stop is valid). Because the record supports the district court's finding that McGee committed a traffic violation, the district court did not err by denying McGee's suppression motion.

**Affirmed.**